STAPLES, J.,
delivered the opinion of the court.
*537 A very interesting' question has been raised and discussed by the learned counsel in this case. It is whether the insolvency of a judgment creditor is a sufficient ground for a court of equity to decree a set-off against him, upon which the debtor might have successfully relied by way of defense in the action at law; but which he failed to do without any circumstances of excuse for such failure. This question has never been decided by this court, nor can it be considered as settled by the decisions of foreign courts. We do not deem it necessary to express any opinion upon the point, as the case may be disposed of upon other grounds which do not admit of any very serious controversy. Conceding then that equity has jurisdiction to give relief in this class of cases, are the appellants entitled to such relief upon the merits?
The bond in controversy, executed by the appellee to the appellants on the 27th November 1865, establishes the fa'ct that the appellants on that day sold to the appellee an interest in the “saw-mill business” in which they were engaged; that he agreed to pay them therefor the sum of three thousand dollars, which they advanced to his credit; and that thej' retained *a lien on his portion of the profits and his interest in the mill itself, as surety for its payment. The appellant’s claim is to recover this sum of three thousand dollars.
The appellee’s defense is, that on the 16th August 1867, he, at the request of the appellants, withdrew from the partnership, and relinquished all his interest in the partnership effects; and, in consideration thereof, the appellants assumed all the debts of the concern, and released him from all liability to them and all other persons, in all matters in any way connected with the partnership; that they further agreed to pay him at the rate of $100 per month for his services during the twenty-two months of his connection with the concern, and the sum of two hundred and ten dollars for his expenses incurred in and about the business. And thus the debt of $3,000 was liquidated and discharged.
In support of this ground of defense the appellee relies upon the record of a suit in which he recovered against the appellants a verdict and judgment for the full amount of compensation and expenses as aforesaid. The only question to be determined is ■whether the record sustains this defense. The declaration contains three counts, one special and two common counts. The special count sets out in detail the facts already stated, upon which the appellee relies to establish the liquidation and settlement of the debt in controversy. The defendant pleaded non assumpsit, and there was a general verdict for the plaintiff. It is insisted by the counsel for the appellants, that as the verdict -was rendered upon the entire declaration without reference to the special count, it cannot be relied upon to show that the averments made in that count are true.
*The rule upon this subject, as settled by the courts, is that the verdict extends to every allegation which having been made on one side and denied on the other, was at issue and determined in the course of the proceedings. When the recovery is on a contract the verdict establishes not only that the plaintiff is entitled to the amount awarded by the jury as damages or compensation, but that he did every act and performed all the stipulations that were conditions precedent to the right to maintain the action. 2 Smith’s Lead. Cases, 761-’2.
If it appear by the record or by extraneous evidence, that the matters at issue in the second suit were litigated and determined in the first, the verdict will operate as an estoppel and be regarded as conclusive. On the other hand, where the pleadings present several distinct matters, and the verdict may have been rendered upon one or the other of them, without precisely indicating which, it will be inconclusive, because the verdict wants the certainty necessary to an estoppel. In such case, however, as the jury may have decided on both matters, the verdict is prima facie evidence, though not conclusive, and may be rebutted by evidence aliunde. Henderson v. Kenner, 1 Rich. R. 474, 480, and authorities there cited. ffor example, a judgment and verdict for the plaintiff in a declaration containing the common counts and also a special count will be prima facie but not conclusive evidence of the existence and validity of the contract set forth in such count. It is not conclusive, because the verdict may have been based upon the common counts. Washington, Al. & Georgetown Steam P. Co. v. Sickles et al., 24 How. U. S. R., 333, 340.
According to these views, the record of the action at law is prima facie evidence of the matters relied *upon by the appellee, and as the appellants have not undertaken to controvert them, they must be taken as true.
The learned counsel for the appellants conceding this, insist that as the agreement or arrangement was merely to relieve the appellee from liability in all matters in any way connected with the partnership, it does not affect the debt in controversy, because that debt is for money loaned, and is an independent transaction, having no connection with the partnership. It does not appear that there was any other debt but this due the appellants from the appellee. It is not pretended there was any other. It is difficult to understand to w’hat liability the parties had reference unless to the one now in controversy. The debt may not have been due to the concern as partners, but it was certainly connected with the partnership. It was contracted in the purchase of an interest in the concern, and the appellee’s portion of the partnership effects and profits pledged as security for its payment. The phrase is, that the appellants “are to release the appellee from all liability to them, and all other persons, in all matters in any way connected with said partnership.” *538 That this language is sufficiently comprehensive to embrace the claim of the appellants does not admit of a question. If it was not so intended, it is very remarkable that the appellants did not make some express reservation of a debt of so much magnitude.
It is still more remarkable, that the ap-pellee should relinquish his entire interest in the partnership effects, and at the same time agree to continue liable for the three thousand dollars, the stipulated price for that interest. The facts disclosed by the record do not justify any such conclusion. The presumption is almost irresistible, *that the real understanding of the parties was, that the appellee in severing his connection with the concern should be restored to his former position, and be compensated for his services and actual expenses during the period of his connection with the partnership For these reasons we are of opinion that the appellants are not entitled to the set-off claimed by them, and that the decree of the Circuit court must be affirmed.
Decree affirmed.